# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 143 | **DATE** | January 28, 2011 |
| **CASE TITLE** | Carlos Hensley (#2008-0045045) v. C. Smith, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [3] is denied without prejudice to him submitting a completed application. Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint in accordance with this order. To proceed with this case, Plaintiff must, within 30 days of the date of this order: (1) either prepay the $350 filing fee or submit a completed *in forma pauperis* application, and (2) submit an amended complaint that states how each defendant was involved with his claims. Plaintiff's failure to comply with this order will result in summary dismissal of this case without prejudice. The Clerk is directed to send to Plaintiff an *in forma pauperis* application and an amended complaint form. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff Carlos Hensley (#2008-0045045), an inmate incarcerated at Cook County Jail has filed a 42 U.S.C. § 1983 complaint against Defendants C. Smith, D. Moreci, and J. Mueller. Plaintiff states that he had a mole on his back that bled and required surgery. Although surgery was recommended in September 2010, Plaintiff did not have the mole surgically removed until December 28, 2010. Plaintiff seeks to file his complaint *in forma pauperis*. [See 8] He also seeks appointment of counsel. [See 4.]

Plaintiff's application to proceed *in forma pauperis* is incomplete. The issue of the filing fee must be resolved before this case can proceed forward. Under the Prison Litigation Reform Act ("PLRA"), an inmate must either prepay the $350 filing fee or seek leave to proceed *in forma pauperis*. If the inmate is unable to prepay the filing fee, the Court will assess an initial partial payment, and allow deductions from his prison or jail trust fund account as additional partial payments until the entire filing fee is paid. This Court requires that inmates seeking leave to file *in forma pauperis* must do so on a pre-printed form. Local Rule 3.3. The form requires inmates to obtain a certificate stating the amount of money that they have on deposit in their prison or jail trust fund account. Inmates also must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). These documents are necessary for the Court to determine whether Plaintiff qualifies as a pauper and to assess an initial partial payment of the filing fee. Plaintiff's *in forma pauperis* application includes neither a certificate nor a copy of his trust fund account statement. To proceed with this case, Plaintiff must either prepay the $350 filing fee or submit a completed *in forma pauperis* application that contains both a filled out certificate and a copy of his jail trust fund account statement.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

Additionally, Plaintiff's complaint as currently drafted, cannot proceed forward. See 28 U.S.C. § 1915A. Although Plaintiff provides details about his claims, he does not indicate how the Defendants were involved. Plaintiff states the following: a mole on his back began to bleed in September 2010; in October of 2010, a doctor at Cermak stated that Plaintiff needed surgery; Plaintiff was not brought to the hospital for his surgery scheduled in November 2010; his surgery was rescheduled for sometime in the beginning of December 2010, but was postponed because Plaintiff had an infection; on December 28, 2010, Plaintiff had his mole surgically removed. Plaintiff lists L. Smith, D. Moreci, and J. Mueller as Defendants on the cover of his complaint, but the "Statement of Claim" section does not mention them and it is unclear how they were involved.

A complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Plaintiff's complaint does not state his reasons for naming Smith, Moreci, and Mueller as Defendants, and does not give them fair notice of his claims. Accordingly, the Court dismisses the complaint without prejudice to Plaintiff submitting an amended complaint that provides sufficient notice of his claims against each Defendant.

Plaintiff is advised that an amended complaint replaces a previously filed complaint and must stand complete on its own. The Court will refer only to the amended complaint when determining Plaintiff's claims and Defendants to this case.

Plaintiff's motion for appointment of counsel is denied without prejudice. Civil litigants, such as Plaintiff, do not have a constitutional right to counsel. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). This Court may appoint counsel if the party is unable to afford or obtain counsel, and the party is unable to represent himself competently. See *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007). Even though Plaintiff must submit an amended complaint to proceed with this case, his pleadings demonstrate that he is competent to represent himself in this case at this time. *See id.* at 656-59. His request for the appointment of counsel is therefore denied without prejudice at this early stage of the case.

If Plaintiff wants to proceed with this case, he must, within 30 days of the date of this order: (1) either pay the $350 filing fee or submit a completed *in forma pauperis* application, and (2) submit an amended complaint that provides sufficient notice to each Defendant of the claim being asserted against him or her and the grounds upon which the claim is based. Failure to comply with this order within 30 days may be construed as Plaintiff's desire not to proceed with this case and may result in dismissal of this action without prejudice. The Clerk is directed to send to Plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order.